### GOSSETT v. FOX.

(Supreme Court, Appellate Term. November 10, 1904.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—TERMINATION OF TENANCY.

    A landlord is not entitled to maintain summary proceedings for the recovery of possession of real estate leased to a tenant under an invalid lease, where there has been no termination of whatever tenancy existed, as prescribed by law, either by notice or limitation.

2. SAME—PROCEEDINGS—FINAL ORDER.

    In a summary proceeding for the removal of a tenant, an entry of "Judgment for tenant" by the justice was an insufficient disposition of the proceeding without a final order in the tenant's favor and awarding him the costs of the proceeding, as required by Code Civ. Proc. § 2249; Municipal Court Act, § 1, subd. 12, Laws 1902, p. 1488, c. 580.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings for the possession of real estate by Rachael Gossett against Isaac Fox. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Simmons & Harris, for appellant.

Henry Kuntz, for respondent.

BISCHOFF, J. Unquestionably, the justice's finding in favor of the tenant was correct, since there was no termination of whatever tenancy existed, either by notice or limitation as prescribed by law, assuming the five-years lease to have been void because the agent who made it had no written authority. Whether the "judgment for tenant," rendered by the justice, proceeded upon the failure of the landlord's proof, or upon a finding that the unauthorized lease had been ratified by conduct, is, however, an open question, and until a final order is made in the proceedings the landlord is embarrassed by the uncertainty which exists as to the nature of the adjudication. With the record, this court cannot determine whether the result intended to be reached was correct or not, as-

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 1285.

suming the disposal of the case to have been upon the merits, since the justice has not concluded the proceedings, agreeably to the statute which defined his jurisdiction, by the making of a final order. Code, § 2249; Municipal Court Act, § 1, subd. 12, Laws 1902, p. 1488, c. 580.

The judgment is therefore reversed, and the proceedings are remitted to the justice for the making of a final order pursuant to the statute, without costs. All concur.